UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

CHRIS L. WANTY, STAR E. TIEME,
KAREN A. FORSYTHE,
RAFIK FAHIM ITSEITEF,
SALAM INSEITEF,

        Plaintiffs,

        v.                                  Case No. 05-CV-0350

MESSERLI & KRAMER, P.A.,

        Defendant.
_____

# ORDER

The plaintiffs allege that defendant Messerli & Kramer, P.A. ("Messerli") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by sending debt collection letters that contain the mechanically reproduced signature of attorney "William C. Hicks," creating the false impression that attorney Hicks is involved in the collection of the plaintiffs' debts. The plaintiffs have filed a motion for class certification. The plaintiffs propose to represent a class consisting of "(a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after a date March 24, 2004 (one year prior to the filing of this action), (e) that was not returned by the postal service." (Pls.' Mot. for Class Certification 1.) Messerli opposes the motion for class certification and moves for summary judgment. For the reasons stated below, the court will grant the motion

for class certification and deny without prejudice Messerli's motion for summary judgment.

I.     Class Certification

The plaintiff has the burden of demonstrating that certification of the class is appropriate. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). The plaintiff must establish a class action will "advance 'the efficiency and economy of litigation which is a principal purpose of the procedure.'" *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 159 (1982) (quoting *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974)).

The court will conduct a two-step analysis to determine whether class certification is appropriate. First, the plaintiff must satisfy all four requirements of Federal Rule of Civil Procedure 23(a), which are numerosity, commonality, typicality, and adequacy of representation. *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). Second, the plaintiff must satisfy one of the conditions of Rule 23(b). *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977).

Messerli opposes the motion for class certification for essentially one reason: the plaintiffs have filed for Chapter 7 bankruptcy, presumably unlike many of the proposed class members, so the plaintiffs would not adequately represent the class. Adequacy of representation pursuant to Rule 23(a)(4) requires the named plaintiff to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of representation has three requirements. First, the chosen class

representative cannot have antagonistic or conflicting claims with other members of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Second, the named representative must have "a sufficient interest in the outcome to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986). Third, counsel for the named plaintiffs must be competent, experienced, qualified, and generally able to conduct the litigation vigorously. *Kriendler v. Chemical Waste Mgmt.*, Inc., 877 F. Supp. 1140, 1159 (N.D. Ill. 1995). Because the plaintiffs filed for bankruptcy, Messerli argues that the plaintiffs' interest conflicts with the interest of the class. Messerli, however, fails to explain where the conflict lies. Messerli merely states that there may be limits on the damages recoverable by a plaintiff who has had his debts discharged, (Def.'s Br. in Opp'n to Pls.'s Mot. for Class Certification 3), but the plaintiffs represent to the court that they have properly exempted their FDCPA claims and retained the right to sue Messerli. (*See* Pls.' Reply Mem. in Supp. of Mot. for Class Certification 5.) The fact that the plaintiffs filed for bankruptcy, therefore, does not demonstrate that their interests are different from those of the class or that their potential recovery from Messerli is so much less than other potential class members that they do not have as strong of an incentive to litigate this action. *See In re Polis*, 217 F.3d 899, 904 (7th Cir. 2000); *Wilborn v. Dun & Bradstreet Corp.*, 180 F.R.D. 347, 355-57 (N.D. Ill. 1998) (holding that plaintiff

who filed bankruptcy is an adequate class representative for FDCPA class action). Thus, the court finds that the plaintiffs are adequate class representatives.[1]

The numerosity, commonality, and typicality requirements of Rule 23(a) are also satisfied. Numerosity requires the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, Messerli admits that it sent the form collection letter at issue to more than 100 people with Wisconsin addresses. (Pls.' Reply Mem. in Supp. of Mot. for Class Certification 1 n.1.) Thus, the proposed class is sufficiently large to satisfy the numerosity requirement of Rule 23(a).

Commonality requires the presence of questions of law or fact common to the class. "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The presence of some factual variations among class members' experiences will not defeat class certification. *Id.* at 1017. Plaintiffs need only show there is "at least one question of law or fact common to the class" to satisfy the commonality requirement. *In re VMS Sec. Litig.*, 136 F.R.D. 466, 473 (N.D. Ill. 1991). Here, each of the class members was sent a debt collection letter that contains the mechanically reproduced signature of attorney "William C. Hicks." There is a common question of fact regarding whether attorney Hicks had any involvement in the collection of the plaintiffs' debts, and if he didn't, there is a

---

[1] Messerli also argues that the plaintiffs may not be adequate representatives because each plaintiff owes a debt to U.S. Bank National Association, presumably unlike other potential class members who may have different creditors. The plaintiffs, however, indicate that all potential class members allegedly owe a debt to U.S. Bank. (Pls.' Reply Mem. in Supp. of Mot. for Class Certification 2.) Therefore, no conflict can exist on this basis.

common question of law regarding whether Messerli violated the FDCPA by including the mechanically reproduced signature of attorney Hicks in the debt collection letters. Accordingly, the plaintiffs share a commonality of facts and legal claims with the rest of the proposed class sufficient to satisfy the commonality requirement under Rule 23(a)(2).

Typicality requires the representative's claims be typical of those of the class. "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). Since "commonality and typicality are closely related, a finding of one often results in a finding of the other." *McKenzie v. City of Chicago*, 175 F.R.D. 280, 286 (N.D. Ill. 1997). Here, the claims of the plaintiffs' and the proposed class members' arise out of the same course of conduct: specifically, Messerli sending the same allegedly misleading form letter. Additionally, the claims are based on the same legal theory, that the form letter violates 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(9). Thus, the court is satisfied the claims of the plaintiffs are typical of the claims of the class within the meaning of Rule 23(a)(3).

The court also finds that the plaintiffs have satisfied the conditions of Rule 23(b)(3). Rule 23(b)(3) allows for certification when "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

-5-
Case 2:05-cv-00350-JPS    Filed 09/19/06    Page 5 of 8    Document 41

Fed. R. Civ. P. 23(b)(3). In this case, every member of the class received a nearly identical debt collection letter that contains the mechanically reproduced signature of attorney "William C. Hicks." The common question of law as to whether the letter violates the FDCPA predominates over any questions affecting individual members. For the fair and efficient adjudication of the controversy, the court concludes that a class action is superior to a large number of individual lawsuits interpreting the same facts and legal issue. Accordingly, the court concludes that it is proper to certify the plaintiff's proposed class under Rule 23(b)(3).

II.     Summary Judgment

Messerli moved for summary judgment on October 28, 2005, and again on January 26, 2006. Messerli's first motion for summary judgment was filed without an accompanying supporting brief or a statement of proposed findings of fact in violation of Civil Local Rule 7.1(a) and 56.2(a), and the plaintiff filed an unopposed motion to strike the motion for summary judgment on this basis. The court grants the plaintiffs' motion to strike and consequently denies Messerli's first motion for summary judgment.

Messerli's second motion for summary judgment is fully briefed, but because the court wishes to avoid the possibility that the merits are decided before potential class members decide whether to opt out of this action, *see Premier Electrical Constr. Co. v. Nat'l. Elec. Contractors Assoc., Inc.*, 814 F.2d 358, 361-363 (7th Cir. 1987) (stating that Rule 23 is designed to avoid fail-safe classes in which class members are able to choose to accept class action damages but avoid entirely the

risk of an adverse class judgment), the court will deny Messerli's second motion for summary judgment with leave to re-file within 30 days of the close of the class notice period. The plaintiffs may also file a dispositive motion within 30 days of the close of the class notice period. The parties shall confer and submit a proposed amended scheduling order within 30 days from the date of this order.

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion for class certification be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the following plaintiff class be and hereby is **CERTIFIED**:

> All natural persons in the State of Wisconsin who were sent a collection letter in the form represented by Exhibit A, seeking to collect a debt for personal, family or household purposes, on or after a date March 24, 2004 (one year prior to the filing of this action), that was not returned by the postal service.

**IT IS FURTHER ORDERED** that the plaintiffs shall be the class representatives and plaintiffs' counsel, Ademi & O'Reilly, LLP, is appointed as counsel for the class under Rule 23(g);

**IT IS FURTHER ORDERED** that pursuant to Rule 23(c)(2)(B), the plaintiff shall submit a proposed form of notice within 10 days, including the class members' rights to opt out of the class;

**IT IS FURTHER ORDERED** that Messerli's first motion for summary judgment [docket # 21] be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that plaintiffs' motion to strike be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Messerli's second motion for summary judgment [docket #25] be and the same is hereby **DENIED** with leave to re-file within 30 days of the close of the class notice period;

**IT IS FURTHER ORDERED** that the parties confer and submit a proposed amended scheduling order within 30 days from the date of this order;

**IT IS FURTHER ORDERED** that the plaintiffs' motion to stay proceedings pending the court's ruling on the plaintiffs' motion for class certification be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin this  19th  day of September, 2006.

BY THE COURT:

s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Court